UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHARLES W. JONES, JR.                                                                      PLAINTIFF

V.                                                                    Civil Action No. 3:06-00246-JDM

GLOBAL INFORMATION GROUP, INC., ET AL.                                            DEFENDANTS

**MEMORANDUM OPINION**

There are several pending motions currently before the court in this matter. The one currently at issue is Mr. Jones's motion for partial summary judgment of certain of his claims against Toyota Motor Manufacturing Kentucky, Inc. ("Toyota"), and North American Security Solutions, Inc. ("NASS"). Toyota, however, has filed a motion to dismiss the claims against it in plaintiff's second amended complaint, and the court has granted that motion by separate order and for the reasons articulated in a memorandum opinion entered concurrently with this one. Accordingly, Mr. Jones's motion for summary judgment of his claims against Toyota will be dismissed as moot. Thus, the only defendant remaining with respect to plaintiff's motion for partial summary judgment is North American Security Solutions, Inc. ("NASS"). For the reasons stated herein, the court will deny plaintiff's motion for summary judgment with respect to NASS.

I.

In the court's evaluation of Toyota's motion to dismiss, the court described the relevant facts of this case in the light most favorable to Mr. Jones. As Mr. Jones is now a summary judgment movant, the law dictates that the court should evaluate the facts in the light most

reasonable to NASS. Even evaluated in the light most favorable to Mr. Jones, however, plaintiff's request for summary judgment of its claims against NASS must be denied as they fail simply as a matter of law. Accordingly, the court will not repeat here the relevant facts that are set forth in its memorandum opinion discussing Toyota's motion to dismiss.

## II.

Mr. Jones asserts that he is entitled to summary judgment of his claim against NASS for violating SECTRA and that NASS is liable for invasion of privacy *per se* solely on the basis of its putative SECTRA violation. Neither claim is viable under the law.

**A.      Plaintiff's Claim that NASS is Liable under SECTRA**

As the court discussed at length in its evaluation of plaintiff's claim against Toyota, there is no legal support for a claim of secondary liability under SECTRA.The Stored Wire and Electronic Communications and Transactional Records Access Act, 18 U.S.C. § 2701, *et seq.*, makes it a crime to "intentionally access[ing] without authorization a facility through which an electronic communication service is provided." 18 U.S.C. § 2701(a)(1). Although section 2701 discusses only criminal prosecution, a separate section permits civil enforcement of the statue by persons "aggrieved by any violation of this chapter in which the conduct constitution the violation is engaged in with a knowing or intentional state of mind." 18 U.S.C. § 2707(a).

Although there is no Supreme Court or Sixth Circuit precedent directly on point, the court notes that federal courts typically decline to create secondary liability not specified by statute. *See, e.g., Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 176 (1994). The Supreme Court has often noted that when Congress wishes to impose aiding and abetting liability "it has little trouble in doing so" expressly. *See id.* (quoting *Pinter v. Dahl,* 486 U.S. 622, 650 (1988)). In the statute at issue, it is a crime to "intentionally access" a persons

records stored online. 18 U.S.C. § 2701(a). There is no mention of those who conspire to violate the statute, or who merely provide the information necessary for others to do so.

As succinctly stated by the eminent Judge Posner of the Seventh Circuit: "[s]o statutory silence on the subject of secondary liability means there is none," *Boim v. Holy Land Foundation for Relief and Development*, 549 F.3d 685, 689 (2008)(en banc); and since Congress did not criminalize the actions of aiding and abetting violations of 18 U.S.C. § 2701 as part of that statute, and § 2707 authorize awards of damages to private parties but does not mention aiders and abettors or other secondary actors, this court will not infer secondary civil liability pursuant to 18 U.S.C. § 2707, *see id.*.

Nowhere in his second amended complaint does plaintiff allege that NASS or any of its employees personally accessed his cell phone records via the internet. Rather, he alleges that NASS provided his phone number to A.S.A.P. Investigations, Inc., which in turn provided the number to Global Information Group, Inc., whose employees allegedly obtained the records online. Because plaintiff has alleged no facts that would support a claim of direct liability under SECTRA summary judgment of that claim in plaintiff's favor is unwarranted as is its claim for invasion of privacy *per se* predicated solely on a putative SECTRA violation. And, because plaintiff's claim for SECTRA liability against NASS clearly fails as a matter of law, the court will dismiss it *sua sponte* and pursuant to Fed. R. Civ. P. 12(b)(6).

**B.     Plaintiff's Claim that NASS is Liable for Invasion of Privacy *Per Se***

The sole basis of plaintiff's request for summary judgment of his invasion of privacy claim against NASS is that NASS violated SECTRA and is therefore liable in tort for a *per se* violation of plaintiff's privacy. Because there is no actionable claim against NASS under SECTRA, plaintiff's request for summary judgment of his allegation of invasion of privacy *per*

-4-

*se* must be denied. The court will not dismiss this claim *sua sponte*, however, as it did with plaintiff's SECTRA claim against NASS, as it is not beyond the realm of reasonable possibility that a jury might conclude (given appropriate evidentiary support) that the actions of NASS and its employees during their surveillance of Mr. Jones did indeed invade his privacy for reasons other than any putative violation of SECTRA.

## IV.

For the reason stated herein, the court will enter a separate order denying plaintiff's motion for summary judgment.

DATE:


cc:   counsel of record