# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

CHARLES W. JONES, JR.                                                              PLAINTIFF

V.                                                                            3:06-CV-00246-JDM

GLOBAL INFORMATION GROUP, *et al.*                                           DEFENDANTS

## MEMORANDUM OPINION

One of the remaining defendants in this action, Laurie Misner, has filed a motion to dismiss the allegations raised against her in the second amended complaint. In the alternative, Ms. Misner seeks summary judgment of those claims. The court has carefully considered Ms. Misner's motion, and plaintiff's response thereto. Being otherwise sufficiently advised, and for the reasons set forth more fully herein, the court will grant Ms. Misner's request for dismissal of plaintiff's claim brought pursuant to the Stored Wire and Electronic Communications and Transactional Records Access Act ("SECTRA"), 18 U.S.C. § 2701, *et seq.*, and his common law claim of invasion of privacy. The court will not dismiss Mr. Jones's intentional infliction of emotional distress claim pursuant to Fed. R. Civ. P. 12(b)(6), but will grant Ms. Misner's request for summary judgment of that claim.

## I.

The factual background of this case has been presented in more than one of the court's prior memorandum opinions regarding other requests for dismissal or summary judgment of claims against some of the other defendants (*see* docket nos. 133, 136, and 137). The court will thus limit its presentation of the facts to those central to Ms. Misner's motion, but will evaluate them in the light most favorable to Mr. Jones, the non-movant in this matter.

Plaintiff asserts that, in May 2005, Global Information Group, Inc. ("Global"), Ms.

Misner, and others, unlawfully used Mr. Jones's cellular telephone number and other information to unlawfully access his cellular telephone records through Verizon Wireless's website. Plaintiff further states that Global's attorneys admitted Global's wrongdoing in a letter dated November 11, 2005. There is no allegation that the letter admits wrongdoing with respect to any individual – only with respect to Global. At the time Mr. Jones's records were accessed, however, Ms. Misner was an owner and principal of Global. (She purchased the company in March 2005.) She is no longer in either position.

Mr. Jones filed his first complaint in the United States District Court for the Southern District of Indiana on January 20, 2006, approximately eight months after the unlawful access occurred. He sued Global and another company, North American Security Solutions, Inc., and also Michael Spencer (NASS's owner) individually. Ms. Misner was listed on the front of the complaint as Global's agent for service of process, but was not included as an individual defendant. Four months later, the case was transferred to the Western District of Kentucky, and a little over three months after that, on September 5, 2006, Mr. Jones filed his first amended complaint. The amended complaint added causes of action, but no new defendants.

On December 21, 2007, approximately two years and seven months after Global accessed Mr. Jones's Verizon records, and two years and one month after Global's attorneys purportedly acknowledged its wrongdoing, Mr. Jones sought leave to file a second amended complaint in this action. The tendered second amended complaint added additional defendants (including Ms. Misner) and additional causes of action. Although there was some dispute with respect to whether the request was filed before the court-imposed deadline for joining additional parties, the court granted the request, and ordered that the second amended complaint be deemed filed as of the date of entry of the court's order – February 1, 2008. Mr. Jones did not object, or request

that the court revise its order and deem the second amended complaint filed as of the date it was tendered – December 21, 2007.

Almost immediately, substantive motion practice began, with one of the newly-added defendants (Toyota Motor Corporation) filing a motion to dismiss, and NASS and plaintiff filing motions for summary judgment. In the meantime, a summons was issued Ms. Misner on April 16, 2008, and again on May 27, 2008, at least one of which was returned, unexecuted on June 27, 2008, by the Florida Secretary of State.

A few months after this court entered rulings on the substantive motions filed by plaintiff and two of Ms. Misner's co-defendants, Ms. Misner was served with the second amended complaint. An attorney timely entered an appearance on behalf of Ms. Misner on July 21, 2009, and concurrently filed the motion to dismiss that gave rise to this memorandum opinion.

**II.**

The federal legal standards for granting motions to dismiss and for summary judgment are well known to the experienced practitioners in this matter, and have previously been set forth by this court, but are nonetheless worth repeating briefly.

When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must "construe the complaint in the light most favorable to the nonmoving party and accept all well-pleaded factual allegations as true to determine whether the moving party is entitled to judgment as a matter of law. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir.2007); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). Accordingly, the court must assume that the facts are as Mr. Jones alleged in his complaint. *Gunasekera v. Irwin*, 551 F.3d 461, 466 -467 (6th Cir. 2009). That

being said, and while the court's analysis primarily focuses on the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint ... may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.2001).

A request for summary judgment also requires the court to construe matters in the light most favorable to the non-movant, but the scope of what may be considered is broader. The court need not assume that the facts are as alleged in the complaint and limit its focus accordingly. Rather, pursuant to FED. R. CIV. P. 56(c) and the applicable case law, the court may consider the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, when determining whether there exists any genuine issue as to any material fact that would preclude the moving party from being entitled to judgment as a matter of law. *See, e.g., United States v. Dairy Farmers of America, Inc.*, 426 F.3d 850, 856-7 (6th Cir. 2005).

The court will first determine whether any claim are appropriate for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), before expanding its review of the record to determine whether any are appropriate for summary judgment.

**III.**

The central argument of Ms. Misner's motion to dismiss is that most of plaintiff's claims against her in are barred by the applicable limitations periods for those claims. In response, plaintiff argues that the claims presented in the second amended complaint (violation of SECTRA, invasion of privacy, and intentional infliction of emotional distress) relate back to the first and first amended complaints pursuant to Federal Rule of Civil Procedure 15 and, therefore, are not time barred. Unfortunately for plaintiff, the United States Court of Appeals for the Sixth Circuit does not share his views regarding the scope of Fed. R. Civ. P. 15 with respect to newly-added parties.

In a recent decision, the Sixth Circuit declared once again that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Mat'l Handling, Inc.*, 596 F.3d 313, 318 (2010)(citing specifically *Kent Holland Die Casting & Plating, Inc.,* 928 F.2d 1448, 149 (6th Cir. 1991), and other Sixth Circuit precedent).[1] It is thus clear that, for purposes of limitations periods, the claims against Ms. Misner do not relate back to the date of filing of either the first or first amended complaints.

**A.**

With respect to plaintiff's allegation that Ms. Misner violated SECTRA, the claim clearly is time barred. Pursuant to 18 U.S.C. 2707(f), there is a two-year limitation period for civil claims of SECTRA violations. Even assuming, for the sake of argument only, that Ms. Misner personally and as a principal of Global was the person at Global who violated SECTRA, that Mr. Jones did not learn of the putative SECTRA violations until Global's attorneys admitted in writing Global's alleged violation of the act in November 2005, Mr. Jones knew or should have known of the potential claim against Ms. Misner before he requested permission to file a second amended complaint including Ms. Misner as an individual defendant at the end of December 2007. After all, Mr. Jones listed Ms. Misner as Global's agent for service of process on the face of the original complaint. Accordingly, he cannot credibly assert that he lacked any reason to believe she may have been personally involved in Global's alleged wrongdoing. Accordingly, Mr. Jones's claims that Ms. Misner personally violated SECTRA are barred by its two-year limitations period and will be dismissed.

---

[1] Citations to opinions from other circuits are illustrative, but not binding on this court, particularly where there is clear, unambiguous, and more recent Sixth Circuit precedent.

**B.**

Mr. Jones has also included a claim of invasion of privacy against Ms. Misner in his second amended complaint. In Count III, Mr. Jones asserts that all of the defendants either violated or conspired to violate his right to privacy, seclusion, solitude, and private affairs. Within the paragraphs that make up Count III, Mr. Jones does not provide any specific details regarding the alleged tort, choosing instead to incorporate by reference the preceding fifty-four numerical paragraphs that make up the complaint. A careful review of those paragraphs reveals that Mr. Jones's allegations regarding Ms. Misner's alleged violation of his privacy are grounded exclusively in his SECTRA allegations.

In the statement of facts section of the second amended complaint, there is adequate information to form the basis for an invasion of privacy claim that is not grounded in SECTRA (*see* paragraphs 17 - 23), but those allegations are limited to the defendants NASS and Mr. Spencer.[2] Ms. Misner is not mentioned specifically until paragraphs 27 and 30, and is mentioned by name only in the context of allegations pertaining solely to alleged SECTRA violatons. Accordingly, and contrary to Mr. Jones's assertions in his response to Ms. Misner's motion to dismiss, his claim that she invaded his privacy is grounded firmly in SECTRA.

The court is aware that plaintiff maintains that there are two separate claims of invasion

---

[2]In paragraph 23, Mr. Jones states "the actions of Defendants NASS and Spencer were carried out willfully, wantonly and maliciously thereby entitling the Plaintiff to punitive damages." Elsewhere in paragraphs 17 through 22, he refers variously to "the Defendants" (paragraph 18 and 22), and "Defendants, NASS and Spencer" (paragraphs 17, 18, 20), and "Defendants, NASS and Spencer and unknown individuals acting on their behalf" (paragraph 18, 19). Contrary to Mr. Jones's assertion in his response to Ms. Misner's motion to dismiss, the fairest reading of paragraphs 17 through 23 is that he is referring solely to NASS and Mr. Spencer, and anyone acting on their behalf in the manner described in the paragraphs (*e.g.*, following Mr. Jones, monitoring his movements with recording devices, speaking with his family and friends) in Kentucky or Indiana. The use of the term "Defendants" cannot fairly be read in context to refer to all of the named defendants in the second amended complaint. Rather, it appears to be an inadvertent cut-and-paste carryover from the first amended complaint. If Ms. Misner, or Global, had been involved in those activities, he could have and should have mentioned them specifically.

of privacy: a *per se* invasion of privacy grounded in the SECTRA violation, and an independent claim based solely on the allegation that his cellular telephone records were accessed without his permission. The court respectfully posits that this is a too-fine splitting of hairs.

As the Sixth Circuit recently observed in a recent unpublished (and admittedly not binding) opinion:

> [a]lthough no Kentucky statute specifically lists invasion of privacy as a claim that must be brought within one year after the cause of action accrues, '[t]he rule is firmly established in Kentucky that a statute of limitations which specifically mentions a recognized tort applies to all actions founded on that tort regardless of the method by which it is claimed the tort has been committed.'

*Branham v. Micro Computer Analysts*, 2009 WL 3461572, *2 (6th Cir. 2009)(citing *Lashlee v. Sumner*, 570 F.2d 107, 109 (6th Cir. 1978)). In *Branham,* the Sixth Circuit determined that the plaintiffs' claim that their privacy had been invaded "sprang" from the same act underlying their claims of libel and slander. Accordingly, the Sixth Circuit applied the one-year statute of limitations applicable to libel and slander claims to the invasion of privacy claim, as well.

Similarly, and relying on the reasoning in *Branham,* the Western District of Kentucky determined that it would be futile to permit the amendment of a complaint to include an invasion of privacy claim grounded on the same acts as false light claim governed by a one-year limitations period in Kentucky. *See Salyer v. The Southern Poverty Law Center, Inc.*, 2009 WL 4758736, *7 (W.D. Ky. 2009)(Heyburn, J.).

The court finds the reasoning contained in *Branham* as persuasive as Judge Heyburn did, and will adopt it here. The only fair reading of Mr. Jones's second amended complaint is that all his allegations of invasion of privacy spring from acts giving rise to a putative violation of SECTRA they are subject to a two-year limitations period and, as with his SECTRA claim itself,

are time barred and will be dismissed.

## C.

Mr. Jones's remaining claim against Ms. Misner is for her alleged intentional infliction of emotional distress. That claim is not time barred, as it is subject to a five-year limitations period. *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984). Accordingly, the court will not grant Ms. Misner's request to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6). Ms. Misner has, however, requested the alternative relief of summary judgment of this claim, which the court will now evaluate.

## IV.

As this court has noted in prior opinions, the elements of a claim of intentional infliction of emotional distress pursuant to Kentucky Law are: (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe. *See, e.g., Kroger Co. v. Wilgruber,* 920 S.W.2d 61, 65 (Ky. 1996). Viewed in the light most favorable to Mr. Jones, his allegations are that Ms. Misner used her company's computers, his cell phone number, and other personal information about him to obtain his cell phone records without his knowledge or consent. The court recognizes that such actions would be distressing to a reasonable person. Whether they constitute the sort of conduct recognized as so offensive, so truly outrageous, so violative of standards of decency and morality that they could bring a reasonable person "to his knees" and therefore warrant recovery for the tort of outrage, is debatable. *See, e.g., Osborne v. Payne*, 31 S.W.3d 911, 914 (Ky. 2000)(citing *Wilgruber, supra*). Had Ms. Misner moved only for dismissal pursuant to Fed. R. Civ. P.

12(b)(6), the court would be inclined to allow this claim to proceed.

Ms. Misner has filed a motion for summary judgment, however, and in response Mr. Jones has provided the court with no evidence of the necessary fourth element of a viable claim for intentional infliction of emotional distress beyond the conclusory and non-specific allegations in his complaint and responses to various parties' motions – including Ms. Misner's. There is nothing in plaintiff's response to Ms. Misner's motion for summary judgment, or even the record as a whole, that provides any evidence that Mr. Jones has been brought to his knees by Ms. Misner's conduct and suffered *severe* emotional distress. There is no testimony from treating medical personnel, psychologists, therapists, or family members regarding the psychological, emotional, or physical toll that the surreptitious accessing of his cell phone records has had on Mr. Jones. The court is aware that plaintiff has not yet deposed his physician, whose pending deposition was canceled, and further discovery generally stayed, pending the court's ruling on Ms. Misner's motion, but he had ample notice of the court's concerns regarding the evidentiary sufficiency of his intentional infliction of emotional distress claim (*see* Mem. Op. re NASS's Mot. Summ. J. (docket no. 137), and ample opportunity before the requested stay of discovery to depose Dr. Goble. Moreover, deposition testimony, while helpful, is not necessary to defeat summary judgment. All that would be required would be treatment records, or affidavits from friends, family, Mr. Jones's physician, or even Mr. Jones himself. Mr. Jones could have appended those to his response easily.[3]

---

[3] The court also notes that this same problem arose in plaintiff's response to NASS's summary judgment. Why, given the outcome of that motion, plaintiff chose not to present at least some modicum of evidence of his emotional distress to Ms. Misner's recent motion is puzzling. The court will not go so far as to conclude that he failed to do so because no such evidence truthfully could be presented, but it finds plaintiff's failure curious.

Severe emotional distress is a necessary element of the cause of action for a reason. Without it, the "tort of outrage" would be merely the "tort of insult," and Kentucky's courts are clear that a certain amount of insult and indignity is an unfortunate byproduct of modern life. *See, e.g., Wilgruber*, 920 S.W.2d at 65. Not everything that is arguably reprehensible is actionable. Only when an alleged tortfeasor's conduct is so thoroughly beyond the pale that it causes profound, identifiable emotional harm is recovery permitted in tort. Mr. Jones's emotional harm has not been articulated or identified beyond a conclusory allegation in his second amended complaint. Accordingly, pursuant to Fed. R. Civ. P. 56(e), Mr. Jones has not established that there is a genuine issue for trial with respect to his claim that Ms. Misner's actions rose to the level of intentional infliction of emotional distress, judgment of that claim will be entered in Ms. Misner's favor.

V.

For the reasons stated herein, the court will enter a separate order dismissing Mr. Jones's claims that Ms. Misner violated SECTRA and invaded his privacy, and will enter summary judgment in Ms. Misner's favor regarding his claim that Ms. Misner committed the tort of intentional infliction of emotional distress.

The court declines to opine about or enter judgment regarding any issues pertaining to the propriety of piercing Global's corporate veil, as they are not ripe for adjudication at this time.

DATE: March 30, 2010

cc: counsel of record

*James D. Moyer*
**James D. Moyer**
**United States Magistrate Judge**